### SNOW v. ENTERPRISE MFG. CO.

(Circuit Court, E. D. Pennsylvania. October 14, 1902.)

#### No. 54.

1. PATENTS—ANTICIPATION—FOOD CHOPPERS.
    The Snow patent, No. 626,212, for an improvement in food choppers, is void for anticipation.

In Equity. Suit for infringement of letters patent No. 626,212, for a food chopper, granted May 30, 1899, to Levi T. Snow. On final hearing.

Albert H. Walker, for complainant.
Howson & Howson, for respondent.

J. B. McPHERSON, District Judge. This is a bill in equity charging the infringement of the first claim of letters patent No. 626,212, granted in March, 1899, for improvements in a food chopper. The first claim, which is the only one in controversy, is as follows:

"(1) In a food chopper, the combination with a case, having an opening in its rear end, of a forcing screw adapted to be entered into and removed from the case through the said opening, one of the said parts being formed with an annular bearing shoulder for receiving the forward thrust upon the screw when the same is at work, a cutter coupled with the outer end of the screw and having bearing upon the outer face of the outer end of the case, and an adjusting instrumentality applied at the outer end of the screw for drawing the same forward in the case and forcing the cutter rearward to a bearing, whereby the end thrust bearings of the screw are located at the opposite ends of the case."

I have carefully read and considered all the testimony in the case and the arguments of counsel thereon; but, in view of the concession in the brief of complainant's counsel that the claim in suit calls for nothing necessarily different from what is shown in a former patent, No. 591,575, granted in 1897 to Snow, except the annular bearing shoulder extending outward from the rear end of the forcer (b) of that patent, upon the outer border of the opening in the rear end of the case, it seems to me to be unnecessary to do more than state the conclusion at which I have arrived upon this single narrow point. That conclusion is this: In view of the prior state of the art, and particularly in view of the Rademacher German patent of 1889, and the Brown patent, No. 591,323, granted by the United States in October, 1897, both these patents referring to the art of improvements in meat choppers, the alleged improvement was not patentable, because it had been anticipated. If it is permissible to turn to another art, the Brennan patent, No. 296,311, of April 8, 1884, for an improved faucet and stop cock, describes a structure in which a closely similar bearing shoulder is presented; but my conclusion has not been consciously influenced by this patent, because the Rademacher and Brown devices in the art to which the complainant's chopper belongs seem to me to have anticipated the alleged invention.

If this view of the case be correct, it is unnecessary to consider the defenses of infringement or lack of invention. A decree may be entered dismissing the bill, at the costs of the complainant.